# Exhibit 1



| | |
|---|---|
| **RON DESANTIS**<br>Governor | **LAUREL M. LEE**<br>Secretary of State |

March 15, 2021

Ms. Nancy Abudu
Mr. Kirk Bailey
ACLU of Florida
4343 W. Flagler Street
Miami, Florida 33137

Re: DE 21-01 – Initiative Petitions; Original Signature – § 100.371, Florida Statutes

Dear Ms. Abudu and Mr. Bailey:

  This letter responds to your request for an advisory opinion regarding the legality of using electronic or digital signatures on constitutional amendment petition forms. Because the ACLU of Florida is an organization that engages in political activity by collecting constitutional amendment petitions, the Division of Elections is authorized to issue an opinion to you pursuant to section 106.23(2), Florida Statutes (2020).

## FACTS

  Your request for an advisory opinion states that the ACLU of Florida has in the past, and will, in the future, collect petitions with the goal of putting initiatives on the ballot pursuant to section 100.371, Florida Statutes. You state that the allowance of electronic and/or digital signatures on constitutional amendment petitions would assist the ACLU of Florida and other groups collecting signatures by making the process more affordable and easier. You acknowledge the requirement of section 100.371(11)(a), Florida Statutes, that a petition form must contain an *original signature* in order to be valid. You seek an opinion as to whether an electronic signature as defined in sections 668.003(4) or 668.50(2)(h), and/or a digital signature as defined in section 668.003(3)(b), Florida Statutes, may be considered an original signature for purposes of a constitutional amendment initiative petition. You seek additional input as to the nature of the verification process should the answer to the preliminary questions be in the affirmative.

**Division of Elections**
**R.A. Gray Building, Suite 316 • 500 South Bronough Street • Tallahassee, Florida 32399**
850.245.6200 • 850.245.6217 (Fax) • DOS.MyFlorida.com/elections



Ms. Nancy Abudu
Mr. Kirk Bailey
March 15, 2021
Page **2** of **4**

## BRIEF ANSWER

Because the Division answers the preliminary questions in the negative – in that neither an electronic nor a digital signature may be considered an original signature for purposes of a constitutional amendment initiative petition form – the verification questions become moot and are not reached in this opinion.

## ANALYSIS

Both the applicable statute and rule for constitutional amendment initiative petitions require an original signature, which term is not defined.[1] Other statutes outside of the Election Code use original signature and these statutes are instructive in their use of alternatives, indicating by implication what an original signature is not. For example, an individual filing an affidavit to uphold the constitution in the process of seeking educator certification under section 1012.56, Florida Statutes, may provide the affidavit by: "original signature *or* by electronic authentication,"[2] In the context of execution of an insurance policy, section 627.416, Florida Statutes, tells us that: "[a] facsimile signature of any executing individual may be used in lieu of an original signature."[3] Even elsewhere within the Election Code itself, section 97.053(5)(a)8., Florida Statutes, provides that one of the items that makes a voter registration application complete is "[t]he original signature or a digital signature transmitted by the Department of Highway Safety and Motor Vehicles…." In contrast to the aforementioned statutes, section 100.371(11)(a), Florida Statutes (the initiative petition statute), contains no alternative to an original signature.

In addition to looking to other statutes, another tenet of statutory construction is instructive here – that of plain meaning. In the absence of a statutory definition, words of common usage are to be construed in their plain and ordinary sense and, if necessary, the plain and ordinary meaning of a word can be ascertained by referring to a dictionary.[4] Two dictionary definitions were found online for "original signature." Both defined the term as "a signature subscribed (signed) directly onto the (paper) document in ink (wet-ink) by the person who is named on the document."[5] The

---

[1] *See* § 100.371(11)(a), Fla. Stat. (2020) (The supervisor of elections may verify as valid the signature on the petition form only if it "contains the original signature of the purported elector."); and Fla. Admin. Code R. 1S-2.0091(2)(b)4. (the supervisor may only verify as valid a signature if the petition form has the "voter's original signature.").
[2] § 1012.56(2)(b), Fla. Stat. (2020) (emphasis added).
[3] § 627.416(2), Fla. Stat. (2020).
[4] *See Sieniarecki v. State*, 756 So. 2d 68 (Fla. 2000) (in absence of a statutory definition, words of common usage are construed in their plain and ordinary sense and, if necessary, the plain and ordinary meaning of the word can be ascertained by reference to a dictionary).
[5] The definition is from the American Notary Society in its terms and definitions found at https://www.asnnotary.org/index.php?form=termsanddefinitions and from Free Online Dictionary of Law Terms and Legal Definitions at https://legaldictionary.lawin.org/original-signature/, which dictionary adopted the notary society's definition.

Ms. Nancy Abudu
Mr. Kirk Bailey
March 15, 2021
Page **3** of **4**

Division finds these definitions for original signature consistent with both a plain and ordinary understanding of the term, as well as with the Legislature's use of alternatives to an original signature in other statutes.

In your request for an advisory opinion, you advocate for the applicability of chapter 668, Florida Statutes, by citing to certain provisions of the Electronic Signature Act of 1996[6] and the Uniform Electronic Transaction Act.[7] However, the Division believes that the plain reading of the chapter makes the provisions inapplicable to the statutory process for constitutional amendment initiative petition forms. Chapter 668, Florida Statutes, is contained within Title XXXIX of the statutes entitled, "Commercial Relations" and the chapter itself is entitled, "Electronic Commerce." The common dictionary definition of "commerce" is the buying and selling of goods and services.[8] Constitutional amendment initiative petitions have no connection with the buying and selling of goods and services. Moreover, even if chapter 668, Florida Statutes, applied to transactions involving petition forms, such transactions would only apply if each party to the transaction agreed to conduct the transaction by electronic means.[9] The statute specifically provides that "each governmental agency shall determine whether, and the extent to which, such agency will send and accept electronic records and electronic signatures to and from other persons and otherwise create, generate, communicate, store, process, use, and rely upon electronic records and electronic signatures."[10] Furthermore, the Uniform Electronic Transaction Act provides, with a limited exception not applicable to petition forms, that "this section does not require a governmental agency of this state to use or permit the use of electronic records or electronic signatures."[11] The Division does not find chapter 668 applicable in the initiative petition context nor does it find discretion to disregard the specific requirement in section 100.371(11)(a) of an original signature.

## SUMMARY

An electronic or digital signature is not an original signature on a constitutional amendment initiative petition form. For purposes of signature verification on petition forms, an original

---

[6] § 668.001 - .006, Fla. Stat. (2020).

[7] § 668.50, Fla. Stat. (2020).

[8] Cambridge English Dictionary found online at:
https://dictionary.cambridge.org/us/dictionary/english/commerce.

[9] § 668.50(5)(b), Fla. Stat. (2020); *see, also, Op. Att'y Gen*. Fla. 2018-04 (2018) ("Pursuant to section 668.50(5), a party is not required to accept an electronic signature, and may refuse to do so.")

[10] § 668.50(18)(a), Fla. Stat. (2020); *see, also, Op. Att'y Gen*. Fla. 2005-34 (2005) ("The statute does not require a record or signature to be created, generated, sent, communicated, received, stored, or otherwise processed or used by electronic means or in electronic form; rather, it only applies to transactions between parties where each party has agreed to conduct transactions by electronic means.")

[11] § 668.50(18)(c), Fla. Stat. (2020).

Ms. Nancy Abudu
Mr. Kirk Bailey
March 15, 2021
Page **4** of **4**

signature means a signature signed directly onto the paper in wet-ink by the voter who is named on the petition form.

                    Respectfully,

                    Maria I. Matthews, Esq.
                    Director, Division of Elections