UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| VOTE.ORG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CORD BYRD, in his official capacity as Florida Secretary of State, et al.,<br><br>Defendants. | Case Nos. 4:23-cv-00111-AW-MAF |

## REPORT OF RULE 26 INITIAL CONFERENCE[1]

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the following counsel of record conducted a Rule 26(f) meeting by videoconference on May 24, 2023:

| Counsel | Parties |
|---|---|
| Frederick (Fritz) Wermuth<br>Justin Baxenberg<br>Alexander F. Atkins<br>Renata O'Donnell | Plaintiffs Vote.org;<br>Florida Alliance for Retired Americans;<br>Florida State Conference of Branches and Youth Units of the NAACP |
| Nicholas Meros<br>Mohammad Jazil<br>Ashley Davis | Defendant Secretary of State |

---

[1] Undersigned counsel for Plaintiffs, Frederick Wermuth, has not yet received confirmation from counsel for Supervisors Turner (Sarasota) and Stafford (Escambia), who are among the 55 Supervisors whose position is described in Section 4, and undersigned counsel for Plaintiffs will promptly supplement when confirmation is received.

| | |
|---|---|
| Susan Erdelyi | Defendant Supervisors[2] |
| Frank Mari | |
| Ronald A. Labasky | |
| John T. LaVia | |
| Andy V. Bardos | |
| Kyle Benda | |
| Kelly L. Vicari | |
| Christi Hankins | |
| William Nelson | |
| Nathaniel A. Klitsberg | |
| Dale Scott | |
| Craig D. Feiser | |
| Jerry Olivo | |
| Mark Herron | |
| Gregory Stewart | |
| Matt Shaud | |
| W. Kevin Bledsoe | |
| Sarah Jonas | |
| Jared Kahn | |
| Matt Smith | |
| Morgan Bentley | |
| Michael B. Valdes | |
| Diana Johnson. Swain | |
| Ashley D. Houlihan | |

---

[2] Counsel for the Supervisors of Elections for Orange County and Hillsborough County were unavailable to attend the Rule 26(f) conference but conferred with undersigned counsel for Plaintiffs and have included their respective positions in this report.

| Thomas R. McCarthy<br>Tyler R. Green<br>Cameron T. Norris<br>Gilbert C. Dickey<br>Conor D. Woodfin<br>Daniel E. Nordby<br>Benjamin J. Gibson | Intervenor Defendants the Republican National Committee and the Republican Party of Pasco County[3] |
| --- | --- |

The parties hereby submit this joint report and proposed discovery plan concerning matters set forth in Federal Rule of Civil Procedure 26(f), all of which were addressed during the parties' telephone conference.

## A.   Magistrate Judge Jurisdiction

The parties have conferred regarding this issue.

## B.   Nature and Bases of Claims and Defenses

### 1.   Jurisdictional Basis

This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343.

### 2.   Plaintiffs' Claims

Plaintiffs Vote.org, Florida Alliance for Retired Americans, and Florida Conference of Branches and Youth Units of the NAACP ("Plaintiffs"), challenge Fla. Stat. § 97.053(5)(a)(8) and any other provisions requiring a voter to submit a voter registration application form with a wet signature ("the Wet Signature

---

[3] The Intervenor-Defendants' motion to intervene was granted after the parties had conferred via videoconference. The Intervenor-Defendants conferred with the parties over email and have reviewed this report.

Requirement"), under the Materiality Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B). Plaintiffs request that the Court declare the Wet Signature Requirement violates the Materiality Provision of the Civil Rights Act, permanently enjoin Defendants from enforcing the Wet Signature Requirement, and award Plaintiffs their costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

### 3. Defendant Secretary of State's and "the Participating Supervisors'" Defenses

The Secretary of State ("Secretary") and Supervisors of Election for Charlotte, Collier, Indian River, Lake, Lee, Manatee, Marion, Monroe, Pasco, and Seminole Counties ("the Participating Supervisors") argue that the Complaint does not plead a plausible claim under the Materiality Provision because § 97.053(5)(a)(8), Florida Statutes ("the original signature requirement") is material to determining the eligibility to vote and imposes an inconsequential burden on the right to vote. The Secretary and Participating Supervisors also argue that Plaintiffs lack Article III standing under both associational and organizational standing theories and prudential third-party standing. Last, they maintain that Plaintiffs and cannot use Section 1983 to enforce rights under the Materiality Provision.

### 4. Defendants County Supervisors of Elections' Defenses

The 67 County Supervisors of Elections Defendants, KIM BARTON, in her official capacity as Supervisor of Elections for Alachua County; CHRISTOPHER MILTON, in his official capacity as Supervisor of Elections for Baker County;

MARK ANDERSEN, in his official capacity as Supervisor of Elections for Bay County; AMANDA SEYFANG, in her official capacity as Supervisor of Elections for Bradford County; TIM BOBANIC, in his official capacity as Supervisor of Elections for Brevard County; JOE SCOTT, in his official capacity as Supervisor of Elections for Broward County; SHARON CHASON, in her official capacity as Supervisor of Elections for Calhoun County; LEAH VALENTI, in her official capacity as Supervisor of Elections for Charlotte County; MAUREEN "MO" BAIRD, in her official capacity as Supervisor of Elections for Citrus County; CHRIS H. CHAMBLESS, in his official capacity as Supervisor of Elections for Clay County; JENNIFER J. EDWARDS, in her official capacity as Supervisor of Elections for Collier County; TOMI STINSON BROWN, in her official capacity as Supervisor of Elections for Columbia County; MARK F. NEGLEY, in his official capacity as Supervisor of Elections for DeSoto County; STARLET CANNON, in her official capacity as Supervisor of Elections for Dixie County; MIKE HOGAN, in his official capacity as Supervisor of Elections for Duval County; DAVID H. STAFFORD, in his official capacity as Supervisor of Elections for Escambia County; KAITI LENHART, in her official capacity as Supervisor of Elections for Flagler County; HEATHER RILEY, in her official capacity as Supervisor of Elections for Franklin County; SHIRLEY G. KNIGHT, in her official capacity as Supervisor of Elections for Gadsden County; CONNIE SANCHEZ, in her official

capacity as Supervisor of Elections for Gilchrist County; ALETRIS FARNAM, in her official capacity as Supervisor of Elections for Glades County; JOHN HANLON, in his official capacity as Supervisor of Elections for Gulf County; LAURA HUTTO, in her official capacity as Supervisor of Elections for Hamilton County; DIANE SMITH, in her official capacity as Supervisor of Elections for Hardee County; BRENDA HOOTS, in her official capacity as Supervisor of Elections for Hendry County; SHIRLEY ANDERSON, in her official capacity as Supervisor of Elections for Hernando County; KAREN HEALY, in her official capacity as Supervisor of Elections for Highlands County; CRAIG LATIMER, in his official capacity as Supervisor of Elections for Hillsborough County; THERISA MEADOWS, in her official capacity as Supervisor of Elections for Holmes County; LESLIE ROSSWAY SWAN, in her official capacity as Supervisor of Elections for Indian River County; CAROL A. DUNAWAY, in her official capacity as Supervisor of Elections for Jackson County; MICHELLE MILLIGAN, in her official capacity as Supervisor of Elections for Jefferson County; TRAVIS HART, in his official capacity as Supervisor of Elections for Lafayette County; ALAN HAYS, in his official capacity as Supervisor of Elections for Lake County; TOMMY DOYLE, in his official capacity as Supervisor of Elections for Lee County; MARK S. EARLEY, in his official capacity as Supervisor of Elections for Leon County; TAMMY JONES, in her official capacity as Supervisor of Elections for Levy County; GRANT

CONYERS, in his official capacity as Supervisor of Elections for Liberty County; HEATH DRIGGERS, in his official capacity as Supervisor of Elections for Madison County; MICHAEL BENNETT, in his official capacity as Supervisor of Elections for Manatee County; WESLEY WILCOX, in his official capacity as Supervisor of Elections for Marion County; VICKI DAVIS, in her official capacity as Supervisor of Elections for Martin County; CHRISTINA WHITE, in her official capacity as Supervisor of Elections for Miami-Dade County; JOYCE GRIFFIN, in her official capacity as Supervisor of Elections for Monroe County; JANET H. ADKINS, in her official capacity as Supervisor of Elections for Nassau County; PAUL A. LUX, in his official capacity as Supervisor of Elections for Okaloosa County; MELISSA ARNOLD, in her official capacity as Supervisor of Elections for Okeechobee County; BILL COWLES, in his official capacity as Supervisor of Elections for Orange County; MARY JANE ARRINGTON, in her official capacity as Supervisor of Elections for Osceola County; WENDY SARTORY LINK, in her official capacity as Supervisor of Elections for Palm Beach County; BRIAN E. CORLEY, in his official capacity as Supervisor of Elections for Pasco County; JULIE MARCUS, in her official capacity as Supervisor of Elections for Pinellas County; LORI EDWARDS, in her official capacity as Supervisor of Elections for Polk County; CHARLES OVERTURF, in his official capacity as Supervisor of Elections for Putnam County; TAPPIE A. VILLANE, in her official capacity as Supervisor of

Elections for Santa Rosa County; RON TURNER, in his official capacity as Supervisor of Elections for Sarasota County; CHRIS ANDERSON, in his official capacity as Supervisor of Elections for Seminole County; VICKY OAKES, in her official capacity as Supervisor of Elections for St. Johns County; GERTRUDE WALKER, in her official capacity as Supervisor of Elections for St. Lucie County; WILLIAM KEEN, in his official capacity as Supervisor of Elections for Sumter County; JENNIFER MUSGROVE KINSEY, in her official capacity as Supervisor of Elections for Suwannee County; DANA SOUTHERLAND, in her official capacity as Supervisor of Elections for Taylor County; DEBORAH K. OSBORNE, in her official capacity as Supervisor of Elections for Union County; LISA LEWIS, in her official capacity as Supervisor of Elections for Volusia County; JOSEPH MORGAN, in his official capacity as Supervisor of Elections for Wakulla County; RYAN MESSER, in his official capacity as Supervisor of Elections for Walton County; and CAROL F. RUDD, in her official capacity as Supervisor of Elections for Washington County, are divided into three groups:

55 Supervisors, including the Supervisors for Alachua, Baker, Bay, Bradford, Brevard, Broward, Calhoun, Citrus, Clay, Columbia, DeSoto, Dixie, Duval, Escambia, Flagler, Franklin, Gadsden, Gilchrist, Glades, Gulf, Hamilton, Hardee, Hendry, Hernando, Highlands, Holmes, Jackson, Jefferson, Lafayette, Leon, Levy, Liberty, Madison, Martin, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm

Beach, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Union, Volusia, Wakulla, Walton, and Washington Counties, have entered into a limited participation agreement, by which they will file, or join with other Supervisors in filing, a truthful answer to Plaintiffs' Complaint; thereafter responding to reasonable discovery; and, otherwise, generally not engaging in litigation activities, such as filing motions, that would consume the Court's judicial resources. These Supervisors may, however, present facts and argument regarding the timing and feasibility of specific remedies that Plaintiffs may seek at trial or in remedial proceedings.

The 10 Participating Supervisors have stated their position in Section B(3) above.

The Supervisors for Hillsborough County and Miami Dade County have their own respective positions. The position of the Miami-Dade County Supervisor of Elections is that:

> As this case involves an interpretation of the state's election laws, Miami-Dade County defers to the position provided by the Secretary of State who is designated, under Fla. Stat. 97.012, as the "chief election officer of the State" with responsibility to "obtain and maintain uniformity in the interpretation and implementation of the election laws." As to all procedural and

jurisdictional matters, Miami-Dade County maintains the affirmative defenses raised in its responsive pleading, ECF No. 88.

And the position of the Hillsborough County Supervisor of Elections is that:

> The Supervisor for Hillsborough County filed an Answer and three Affirmative Defenses. The Answer in large part denied the substantive claim. The first Affirmative Defense asserts that Plaintiffs lack Article III standing. The Second and Third Affirmative Defenses assert failures to state causes of action under Section 1983 or against the Hillsborough County Supervisor of Elections, respectively.

### 5.      Intervenor Defendants' Defenses

The Intervenor-Defendants adopt the State Defendants' Defenses.

## C.      Settlement and Alternative Dispute Resolution

### 1.      Settlement

The parties agree that settlement is unlikely at this time.

### 2.      Alternative Dispute Resolution

The parties agree that mediation (or other forms of alternative dispute resolution) is not likely to be helpful in settlement until the Court decides the merits of Plaintiffs' claims.

## D.      Proposed Schedule

The parties have agreed to the following proposed schedule:

| Deadline or Event | Plaintiffs' Dates | Secretary's and the Participating Supervisors' Dates |
| --- | --- | --- |
| Certificate of interested persons and corporate disclosure statement | Filed March 23, 2023 | Paul Lux filed March 22, 2023<br><br>Kim Barton filed March 23, 2023<br><br>Joe Scott filed March 27, 2023<br><br>Mark Earley filed March 27, 2023<br><br>Shirley Anderson filed March 30, 2023<br><br>Julie Marcus filed March 30, 2023 |
| Mandatory Initial Disclosures | 14 days after Scheduling Order | 14 days after Scheduling Order |
| Motions to add parties or amend pleadings | As per Fed. R. Civ. P. 15 | As per Fed. R. Civ. P. 15 |
| Plaintiffs' Expert Disclosures and Reports | July 14, 2023<br><br>(at least 90 days before trial, according to Rule 26(a)(2)(D)(i)) | August 18, 2023 |
| Defendants' Expert Disclosures and Reports (including any rebuttals to Plaintiffs' Expert Reports) | August 14, 2023<br><br>(30 days after Plaintiffs' disclosure) | October 17, 2023 |
| Plaintiffs' Expert Disclosures for any | August 21, 2023 | November 16, 2023 |

| Rebuttal Experts and Rebuttal Reports | (within 30 days after Defendants' disclosure, according to Rule 26(a)(2)(D)(ii)) | |
| --- | --- | --- |
| Discovery deadline | September 1, 2023 | November 16, 2023 |
| Dispositive motions | September 29, 2023 | December 18, 2023 |
| Oppositions to Dispositive Motions | October 20, 2023<br><br>(21-day response according to LR 56.1(C)) | January 8, 2024 |
| Replies in Support of Dispositive Motions | October 27, 2023<br><br>(7-day reply according to LR 56.1(D)) | January 15, 2024 |
| Pre-Trial Disclosures (exhibit lists, witness lists) | January 26, 2023<br><br>(at least 30 days before trial, according to Rule 26(a)(3)(B)) | February 16, 2024 |
| Objections to Witness and Exhibit Lists, motions *in limine*, and Daubert motions | February 9, 2024<br><br>(14 days after Pretrial Disclosures, according to Rule 26(a)(3)(B)) | March 15, 2024 |

| Responses to objections | February 16, 2024 | March 29, 2024 |
|---|---|---|
| Final pretrial conference | February 18, 2024 | April 5, 2024 |
| Pre-trial briefs | February 19, 2024 | April 12, 2024 |
| Trial term begins | February 26, 2024 | April 19, 2024 |
| Estimated length of trial | 4 days | 4 days |
| Jury/Non-Jury | | Non-Jury |
| Mediation | | None proposed |
| All parties consent to proceed before magistrate judge | | Yes __  No <u>X</u> |

**E.     Discovery Plan**

The parties propose this discovery plan:

**1.     Subjects of Discovery**

Plaintiffs anticipate that discovery will be needed on at least the following subjects:

- the review, processing, and retention of voter registration applications;

- the processing of voter registration applications signed with imaged or electronic signatures or completed using Florida's Online Registration system or other web applications;

- the interpretation and enforcement of "original signature" in Fla. Stat.

§ 97.053(5)(a)(8);

- the purpose and function of a signature on voter registration applications;

- policies, procedures, and trainings related to the Wet Signature Requirement;

- applications rejected because they lacked a wet-ink signature;

- eligible voters unable to register online through Florida's Online Registration system; and

- material related to the March 15, 2021 advisory opinion discussing "original signatures."

Plaintiffs intend to propound interrogatories, requests for production of documents, and requests for admissions; obtain information from third parties by subpoena, if necessary; depose employees or agents of Defendants, as well as third parties, if necessary; and engage in expert discovery, if necessary.

The Secretary and Participating Supervisors anticipate seeking discovery on

- Plaintiffs' members' attempts to register to vote in Florida;

- Plaintiffs' members' attempts to comply with the original signature requirement;

- Plaintiffs' members that do not have a Florida driver's license, Florida identification number, or Social Security Number;

- Plaintiffs' members' that have had their registration applications denied;

- Plaintiffs' efforts to educate their members on the original signature requirement;

- Plaintiffs' efforts to help their members comply with the original signature requirement;

- The purpose and function of original signatures on voter registration applications; and

- Third-Party Registration Organization's role in assisting applicants registering to vote, including complying with the original signature requirement.

The Secretary and Participating Supervisors intend to propound interrogatories, requests for production of documents, and requests for admissions; depose employees or agents of Plaintiffs; and conduct expert discovery, if necessary.

## 2.    Electronic Discovery

The parties discussed issues relating to disclosure or discovery of electronically storied information ("ESI"), including pre-discovery initial disclosures, and agree to the following: (1) disclosure or production of electronically stored information will generally be limited to data reasonably available to the parties in the ordinary course of business, but may also include data that may have

been developed or available to defendants in the course of the 2020 and other elections; (2) the parties do not anticipate seeking data beyond what is reasonably available in the ordinary course of business; (3) the parties agree to produce electronically stored information in the format requested by the requesting party where feasible; (4) the parties represent that they have taken reasonable measures to preserve potentially discoverable data from alteration or destruction; (5) the parties will comply with Federal Rule of Civil Procedure 26(b)(5)(B) regarding the inadvertent production of privileged information; and (6) the parties do not at this moment anticipate that any other problems will arise in connection with electronic or computer-based discovery.

### 3.    Forms of Discovery

The parties anticipate all forms of written discovery and depositions may be appropriate as provided by the Federal Rules of Civil Procedure. Plaintiffs anticipate that certain materials produced will be in the form of electronic or computer-based media, including data, spreadsheets, databases of voter information, and electronically stored documents and emails. Plaintiffs and Defendant Supervisors of Elections have agreed that certain Requests for Production may be answered in whole or in part via affidavit in lieu of the Supervisor of Elections producing responsive documents. The parties at this time do not seek any restrictions on discovery beyond the limitations set forth in this agreement or the Federal Rules of

Civil Procedure; however, the parties agree to confer in good faith as needed regarding any proposed limitations on discovery.

### 4.    Discovery in Phases

The parties do not believe that phased discovery is appropriate or necessary.

### 5.    Limitations on Discovery

The parties agree to the following limitations on discovery:

    a.    The parties agree that each party will issue no more than twenty-five (25) interrogatories to each Defendant or to each Plaintiff. The parties may, however, seek leave for additional interrogatories depending on each party's responses.

    b.    The parties agree, to the extent practicable, that they will coordinate depositions among the parties so that each deponent need only appear once.

## F.    Suitability of Using Manual for Complex Litigation

The parties agree that this case should not be made subject to the Manual for Complex Litigation.

Respectfully submitted this 7th day of June, 2023.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111
Thomas A. Zehnder
Florida Bar No. 0063274

/s/ *Nicholas J.P. Meros*
NICHOLAS J.P. MEROS (FBN 120270)
*Deputy General Counsel*

- 17 -

King, Blackwell, Zehnder
& Wermuth, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
fwermuth@kbzwlaw.com

Abha Khanna*
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
akhanna@elias.law

Justin Baxenberg*
Alexander F. Atkins*
Renata O'Donnell*
Elias Law Group LLP
250 Massachusetts Ave. NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
jbaxenberg@elias.law
aatkins@elias.law
rodonnell@elias.law

*Admitted Pro Hac Vice
Counsel for Plaintiffs Vote.org, Florida
Alliance for Retired Americans, and
Florida State Conference of Branches
and Youth Units of the NAACP

/s/ Frank Mari
Frank M. Mari
Florida Bar No. 93243
Roper, P.A.
2707 E. Jefferson St.
Orlando, Florida 32803
Telephone: (407) 897-5150
Facsimile: (407) 897-3332

**EXECUTIVE OFFICE OF GOVERNOR**
The Capitol, PL-5
400 S. Monroe Street
Tallahassee, Florida 32399
Phone: (850) 717-9310
Fax: (850) 488-9810
Nicholas.Meros@eog.myflorida.com

/s/ Joseph S. Van de Bogart
JOSEPH S. VAN DE BOGART (FBN 84764)
General Counsel
ASHLEY E. DAVIS (FBN 48302)
Chief Deputy General Counsel
W. DAVID CHAPPELL (FBN 120449)
Assistant General Counsel

**FLORIDA DEPARTMENT OF STATE**
R.A. Gray Building Suite 100
500 South Bronough Street
Tallahassee, Florida 32399
Phone: (850) 245-6536
Fax: (850) 245-6127
Joseph.Vandebogart@dos.myflorida.com
Ashley.Davis@dos.myflorida.com
David.Chappell@dos.myflorida.com

Counsel for Secretary Cord Byrd

/s/ Andy Bardos
Andy Bardos
Florida Bar No. 822671
GrayRobinson, P.A.
Post Office Box 11189
Tallahassee, Florida 32302
Telephone: (850)577-9090
andy.bardos@gray-robinson.com

fmari@roperpa.com

*Counsel for Mark Negley, DeSoto County Supervisor of Elections; Connie Sanchez, Gilchrist County Supervisor of Elections; Kaiti Lenhart, Flagler County Supervisor of Elections; Karen Healy, Highlands County Supervisor of Elections; Tim Bobanic, Brevard County Supervisor of Elections; Heath Driggers, Madison County Supervisor of Elections; Michelle Milligan, Jefferson County Supervisor of Elections*

/s/ *Susan Erdelyi*
Susan S. Erdelyi
Florida Bar No. 0648965
Julianna Favale
Florida Bar No. 1032046
Marks Gray, P.A.
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32207
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
serdelyi@marksgray.com
jfavale@marksgray.com

*Counsel for Christopher Milton, Baker County Supervisor of Elections; Mark Andersen, Bay County Supervisor of Elections; Amanda Seyfang, Bradford County Supervisor of Elections; Sharon Chason, Calhoun County Supervisor of Elections; Tomi Stinson Brown, Columbia County Supervisor of Elections; Starlet Cannon, Dixie*

*Counsel for Leah Valenti, Charlotte County Supervisor of Elections; Melissa Blazier, Collier County Supervisor of Elections; Leslie Swan, Indian River County Supervisor of Elections; Alan Hays, Lake County Supervisor of Elections; Tommy Doyle, Lee County Supervisor of Elections; Michael Bennett, Manatee County Supervisor of Elections; Wesley Wilcox, Marion County Supervisor of Elections; Joyce Griffin, Monroe County Supervisor of Elections; Brian Corley, Pasco County Supervisor of Elections; Chris Anderson, Seminole County Supervisor of Elections*

/s/ *Geraldo Olivo*
Geraldo F. Olivo, III
Florida Bar No. 0060905
Henderson, Franklin, Starnes & Holt, P.A.
P.O. Box 280
Fort Myers, Florida 33902
Telephone: (239) 344-1168
jerry.olivo@henlaw.com

*Counsel for Diane Smith, Hardee County Supervisor of Elections; Brenda Hoots, Hendry County Supervisor of Elections; Melissa Arnold, Okeechobee County Supervisor of Elections; Tammy Jones, Levy County Supervisor of Elections; Therisa Meadows, Holmes County Supervisor of Elections; Aletris Farnam, Glades County Supervisor of Elections*

*County Supervisor of Elections;*
*Heather Riley, Franklin County*
*Supervisor of Elections; Shirley Knight,*
*Gadsden County Supervisor of*
*Elections; John Hanlon, Gulf County*
*Supervisor of Elections; Laura Hutto,*
*Hamilton County Supervisor of*
*Elections;  Carol A. Dunaway, Jackson*
*County Supervisor of Elections; Travis*
*Hart, Lafayette County Supervisor of*
*Elections; Grant Conyers, Liberty*
*County Supervisor of Elections; Janet*
*H. Adkins, Nassau County Supervisor*
*of Elections; Charles Overturf, Putnam*
*County Supervisor of Elections; Tappie*
*A. Villane, Santa Rosa County*
*Supervisor of Elections; Vicky Oakes,*
*St. Johns County Supervisor of*
*Elections; William Keen, Sumter*
*County Supervisor of Elections;*
*Jennifer Kinsey, Suwannee County*
*Supervisor of Elections; Dana*
*Southerland, Taylor County Supervisor*
*of Elections; Deborah K. Osborne,*
*Union County Supervisor of Elections;*
*Joseph Morgan, Wakulla County*
*Supervisor of Elections; Ryan Messer,*
*Walton County Supervisor of Elections;*
*Carol F. Rudd, Washington County*
*Supervisor of Elections*

*/s/ John LaVia*
Ronald A. Labasky
Florida Bar No. 206326
P.O. Box 350
Tallahassee, Florida 32302
Telephone: (850) 566-2396
rlabasky@icloud.com

John T. LaVia, III
Florida Bar No. 0853666
Gardner, Bist, Bowden, Dee, LaVia,
Wright, Perry & Harper, P.A.
1300 Thomaswood Drive
Tallahassee, Florida 32308
Telephone: (850) 385-0070
Facsimile: (850) 385-5416
jlavia@gbwlegal.com

*Counsel for Chris Chambless, Clay
County Supervisor of Elections; Vicki
Davis, Martin County Supervisor of
Elections; Mary Jane Arrington,
Osceola County Supervisor of
Elections; Lori Edwards, Polk County
Supervisor of Elections; Gertrude
Walker, St. Lucie County Supervisor of
Elections*

/s/ *Bob Swain*
Robert C. Swain
Florida Bar No. 366961
Diana M. Johnson
Florida Bar No. 69160
Alachua County Attorney's Office
12 Southeast 1st Street
Gainesville, Florida 32601
Telephone: (352) 374-5218
Facsimile: (352) 374-5216
bswain@alachuacounty.us
dmjohnson@alachuacounty.us

*Counsel for Kim A. Barton, Alachua
County Supervisor of Elections*

/s/ *Nathaniel Klitsberg*
Nathaniel A. Klitsberg
Florida Bar No. 307520
Joseph K. Jarone
Florida Bar No. 117768
Devona A. Reynolds Perez
Florida Bar No. 70409
Broward County Attorney
115 South Andrews Avenue, Suite 423
Fort Lauderdale, Florida 33301
Telephone: (954)357-7600
nklitsberg@broward.org
jkjarone@broward.org
dreynoldsperez@broward.org

*Counsel for Joe Scott, Broward County
Supervisor of Elections*

/s/ *Dale Scott*
Dale A. Scott
Florida Bar No. 0568821
Roper, P.A.
2707 E. Jefferson Street
Orlando, Florida 32803
Telephone: (407)897-5150
Facsimile: (407)897-3332
dscott@roperpa.com

*Counsel for Maureen "Mo" Baird,*
*Citrus County Supervisor of Elections*


s/
William L. Nelson
Florida Bar No. 67806
Christi Hankins
Florida Bar No. 483321
221 Palafox Place, Suite 430
Pensacola, Florida 32502
Telephone: (850) 595-4970
cjhankins@myescambia.com
wlnelson@myescambia.com

*Counsel for David H. Stafford,*
*Escambia County Supervisor of*
*Elections*


/s/ *Robert Brazel*
Stephen M. Todd
Florida Bar No. 0886203
Robert E. Brazel
Florida Bar No. 866430
Office of the County Attorney
Post Office Box 1110
Tampa, Florida 33601-1110
Telephone: (813) 272-5670
Facsimile: (813) 272-5758

/s/ *Craig Feiser*
Craig D. Feiser
Florida Bar No. 164593
Office of the General Counsel
117 W. Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone: (904) 255-5100
Facsimile: (904) 255-5120
CFeiser@coj.net
Bosburn@coj.net

*Counsel for Mike Hogan, Duval County*
*Supervisor of Elections*


/s/ *Kyle Benda*
Jon A. Jouben
Florida Bar No. 149561
Kyle Benda
Florida Bar No. 113525
20 N. Main Street, Suite 462
Brooksville, Florida 34601
Telephone: (352) 754-4122
Facsimile: (352) 754-4001
Jjouben@co.hernando.fl.us
kbenda@co.hernando.fl.us

*Counsel for Shirley Anderson,*
*Hernando County Supervisor of*
*Elections*


/s/ *Mark Herron*
Mark Herron
Florida Bar No. 199737
Messer Caparello, P.A.
Post Office Box 15579
Tallahassee, Florida 32317
Telephone: (850) 222-0720
Facsimile: (850) 558-0659
mherron@lawfla.com

ToddS@hillsboroughcounty.org

*Counsel for Craig Latimer,*
*Hillsborough County Supervisor of*
*Elections*

/s/ *Michael Valdes*
Michael B. Valdes
Florida Bar No. 93129
Sophia Guzzo
Florida Bar No. 1039644
Miami-Dade County Attorney's Office
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
Telephone: (305) 375-5151
Facsimile: (305) 375-5634
mbv@miamidade.gov
Sophia.guzzo@miamidade.gov

*Counsel for Christina White,*
*Supervisor of Elections for Miami-*
*Dade County*

/s/ *Nicholas Shannin*
Nicholas Shannin
Florida Bar No. 9570
Shannin Law Firm
214 S. Lucerne Circle East
Orlando, Florida 32801
Telephone: (407) 985-2222
nshannin@shanninlaw.com

*Counsel for Bill Cowles, Orange*
*County Supervisor of Elections*

/s/ *Kelly Vicari*
Kelly L. Vicari
Florida Bar No. 88704
Pinellas County Attorney's Office

*Counsel for Mark Earley, Leon County*
*Supervisor of Elections*

/s/ *Matthew Shaud*
Gregory T. Stewart
Florida Bar No. 203718
Matthew R. Shaud
Florida Bar No. 122252
Nabors, Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
Telephone: (850) 224-4070
Facsimile: (850) 224-4073
gstewart@ngnlaw.com
mshaud@ngnlaw.com

*Counsel for Paul Lux, Okaloosa County*
*Supervisor of Elections*

/s/ *Ashley Houlihan*
Ashley D. Houlihan
Florida Bar No. 125852
Supervisor of Elections Office
Palm Beach County
240 S. Military Trail
West Palm Beach, Florida 33401
Telephone: (561) 656-6200
ashleyhoulihan@votepalmbeach.gov

*Counsel For Wendy Sartory Link, Palm*
*Beach County Supervisor of Elections*

/s/
Morgan Bentley
Florida Bar No. 0962287
Bentley Goodrich Kison, P.A.

315 Court Street, Sixth Floor
Clearwater, Florida 33756
Telephone: (727) 464-3354
Facsimile: (727) 464-4147
kvicari@pinellas.gov

*Counsel for Julie Marcus, Pinellas County Supervisor of Elections*

/s/ *Kevin Bledsoe*
W. Kevin Bledsoe
Florida Bar No. 029769
Sarah Jonas
Florida Bar No. 115989
123 W. Indiana Avenue
Deland, Florida 32720
Telephone: 386-736-5950
kbledsoe@volusia.org
sjonas@volusia.org

*Counsel for Lisa Lewis, Volusia County Supervisor of Elections*

/s/ *Daniel Nordby*
Daniel E. Nordby
Florida Bar No. 14588
Benjamin J. Gibson
Florida Bar No. 058661
Shutts & Bowen LLP
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
Telephone: (850) 241-1717
dnordby@shutts.com
bgibson@shutts.com

*Counsel for Intervenors*

783 S. Orange Ave., Third Floor
Sarasota, Florida 34236
Telephone: 941-556-9030
mbentley@bgk.law

*Counsel for Ron Turner, Sarasota County Supervisor of Elections*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 7, 2023 I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, which will send a notice

of electronic filing to all counsel of record.

<u>/s/ *Frederick Wermuth*</u>
Frederick S. Wermuth
Florida Bar No. 0184111