UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSE DIVISION

VOTE.ORG, *et al.*,

    *Plaintiffs*,

v.

CORD BYRD, in his official capacity
as SECRETARY OF STATE OF
FLORIDA, *et al*.,                         Case No: 4:23-cv-111-AW-MAF

    *Defendants,*

    and

REPUBLICAN NATIONAL
COMMITTEE and REPUBLICAN
PARTY OF PASCO COUNTY

    *Intervenor-Defendants*.

_____/

### SECRETARY OF STATE AND UNDERSIGNED SUPERVISORS' MOTION TO STRIKE THE UNITED STATES' STATEMENT OF INTEREST OR, IN THE ALTERNATIVE, FOR LEAVE TO RESPOND

Without seeking to intervene, or asking for leave, the United States filed a "Statement of Interest" (ECF No. 119) opposing the Secretary and Undersigned Supervisors'[1] Motion to Dismiss the Amended Complaint (ECF No. 112). Because the United States did not ask for permission, and the Northern District's

---

[1] These are the Supervisors of Elections for Charlotte, Collier, Indian River, Lake, Lee, Manatee, Marion, Monroe, Pasco, and Seminole Counties.

Local Rules do not permit a non-party – even the United States – to file a brief without leave of court, the Court should strike it. In the alternative, the Secretary and Undersigned Supervisors request leave to reply to the "Statement of Interest."

## ARGUMENT

1. The Secretary and Undersigned Supervisors filed their Motion to Dismiss the Amended Complaint ("Motion to Dismiss") on June 26, 2023. ECF No. 112.

2. Plaintiffs timely filed their response on July 10, 2023. ECF No. 118.

3. The same day, but without seeking leave, the United States filed a response opposing the Motion to Dismiss, styled as a "Statement of Interest." ECF No. 119.

4. The United States claims authority to file "statements of interest" pursuant to 28 U.S.C. § 517 ("Section 517"), which provides that:

> The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.

5. Section 517, of course, does not mention "statements of interest," much less provide that the United States may file them without leave. It simply permits the Attorney General to delegate to officers of the Department of Justice

his responsibility to represent the United States. *United States v. Salus Rehab.*, No. 8:11-cv-1303, 2017 WL 1495862, at *1 (M.D. Fla. Apr. 26, 2017) (concluding that 28 U.S.C. § 517 does not authorize "statements of interest").

6. Moreover, unlike the appellate rules for the Courts of Appeals and the Supreme Court, *see* Sup. Ct. R. 37.4; Fed. R. App. P. 29(a)(2), the Northern District's Local Rules do not authorize the United States to file briefs without leave of court.

7. This Court has the "inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (internal marks omitted); *accord Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting the "unquestionable authority" of district courts "to control their own dockets" (internal marks omitted)). Using that inherent power, district courts have struck "statements of interest" in similar circumstances.

8. In *Salus Rehabilitation*, the court found that "nothing about Section 517 supports an intent to create in the Solicitor General the right to appear and submit argument in any case in which the United States articulates a generic interest in the 'development' and the 'correct application' of the law." No. 8:11-cv-1303, 2017 WL 1495862, at *1.

9. In addition, the court noted that "throughout Title 28 . . . Congress unambiguously identifies the circumstances in which the United States can participate in an action," including 28 U.S.C. § 2403(a), which "empowers the United States to intervene in any federal-court action that questions the constitutionality of an 'Act of Congress affecting the public interest.'" *Id.* And it found that the "clarity with which Congress establishes elsewhere the right to participate in an action belies the assumption that Congress conceals in an organizational chapter the purported right to submit a 'statement of interest" and to intervene-in-fact without formally intervening." *Id.* Accordingly, the court concluded that "absent intervention, the United States cannot gratuitously compound the . . . argument by belatedly 'weighing in' on behalf of the [plaintiff]." *Id*. at 2.

10. Likewise, in *United States v. ex rel. Paulos v. Striker Corp.*, the court struck a "statement of interest" and ordered the clerk to delete it from the docket. No. 11-0041, 2013 WL 9557750, at 1* (W.D. Mo. May 28, 2013). As the court explained, Section 517 "merely establishes the Attorney General may direct that various officers act on behalf of the United States in court proceedings." *Id*. "The statute does not provide that those officers have the right to interject themselves where the United States is not a party." *Id*. The court concluded that the United

States has no privilege "to act like a party unless it is actually a party – which it is not." *Id*.

11. In *United States ex rel. Gudur v. Deloitte Consulting LLP*, the United States submitted a "statement of interest" opposing a motion for summary judgment after the close of briefing and without leave. 512 F. Supp. 2d 920, 927–28 (S.D. Tex. 2007). The district court explained that the "extent to which the court permits or denies *amicus* briefing lies solely within the court's discretion," *id*. at 927, and, finding no good cause for the untimely filing, struck the United States' submission, *id*. at 928; *see also LSP Transmission Holdings, LLC v. Lange*, 329 F. Supp. 3d 695, 703–04 (D. Minn. 2018) (refusing to consider a "statement of interest" filed in opposition to a motion to dismiss after the close of briefing).

12. This Court should do the same here. Neither the local rules nor Section 517 permits the United States to do whatever it believes "the interests of the United States" require. It cannot file briefs or motions, introduce evidence, examine witnesses, or initiate appeals whenever it pleases – no matter what "the interests of the United States" dictate. Under its authority to ensure an orderly proceeding conducted in compliance with the rules, this Court should strike the filing.

13. In the alternative, the Secretary and Undersigned Supervisors respectfully request leave to file a reply addressing the materiality arguments

presented in the Statement of Interest and Plaintiffs' response to the Motions to Dismiss.

14. Undersigned counsel conferred with counsel for the United States, Plaintiffs, and Intervenors regarding this motion. Counsel for the United States opposes the request to strike the Statement of Interest but does not oppose the alternative request for leave to file a reply. Counsel for Plaintiffs opposes the motion to strike but does not intend to file a response in opposition and takes no position on the request for a reply. The Intervenors do not oppose the relief sought.

**WHEREFORE**, the Secretary and Undersigned Supervisors respectfully move the Court to strike the United States' Statement of Interest (ECF No. 90) or, in the alternative, permit the Secretary and Undersigned Supervisors to file a reply memorandum.

Dated: July 18, 2023,                                           Respectfully submitted,

/s/ *Nicholas J.P. Meros*                              /s/ *Andy Bardos*
NICHOLAS J.P. MEROS (FBN 120270)        ANDY BARDOS (FBN 822671)
*Deputy General Counsel*                             *Shareholder*

**EXECUTIVE OFFICE OF GOVERNOR**      **GRAYROBINSON, P.A.**
The Capitol, PL-5                                           301 South Bronough Street, Suite 600
400 S. Monroe Street                                    Tallahassee, Florida 32302
Tallahassee, Florida 32399                         Phone: (850) 577-9090
Phone: (850) 717-9310                                andy.bardos@gray-robinson.com
Nicholas.Meros@eog.myflorida.com

| | |
|---|---|
| /s/ *Joseph S. Van de Bogart* <br> JOSEPH S. VAN DE BOGART (FBN 84764) <br> *General Counsel* <br> ASHLEY E. DAVIS (FBN 48302) <br> *Chief Deputy General Counsel* <br><br> **FLORIDA DEPARTMENT OF STATE** <br> R.A. Gray Building Suite 100 <br> 500 South Bronough Street <br> Tallahassee, Florida 32399 <br> Phone: (850) 245-6536 <br> Joseph.Vandebogart@dos.myflorida.com <br> Ashley.Davis@dos.myflorida.com <br><br> *Counsel for Secretary Cord Byrd* | *Counsel for Supervisors Chris Anderson, Michael Bennett, Melissa Blazier, Brian Corley, Tommy Doyle, Joyce Griffin, Alan Hays, Leslie Rossway Swan, Leah Valenti, and Wesley Wilcox* |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to N.D. Fla. Local Rule 7.1(F), I hereby certify that this motion complies with the Rule's font requirements and contains 1,142 words, exclusive of the case style, signature block, and any certificate of service.

/s/ *Nicholas J.P. Meros*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system, which provides notice to all parties, on July 18, 2023.

/s/ *Nicholas J.P. Meros*